**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BOSE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTSPEED AVIATION, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>CIVIL ACTION NO. 1:09-cv-10222-WGY<br><br>**Jury Trial Demanded** |

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**

For its Answer to Plaintiff's Complaint, defendant Lightspeed Aviation, Inc. ("Lightspeed") states as follows:

1. Plaintiff Bose Corporation ("Bose") is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at The Mountain, Framingham, Massachusetts, within this judicial district.

**ANSWER**: Lightspeed is without sufficient knowledge to form a belief as to the truth of this allegation and therefore denies same.

2. Defendant Lightspeed Aviation, Inc. ("Lightspeed") is, upon information and belief, a corporation organized and existing under the laws of Oregon having a place of business at 6135 SW Jean Road, Lake Oswego, Oregon, and does business in Massachusetts.

**ANSWER**: Lightspeed admits that it is a corporation organized and existing under the laws of Oregon having a place of business at 6135 SW Jean Road, Lake Oswego, Oregon, but denies the remaining allegations of this paragraph.

3. This is an action for patent infringement, arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Lightspeed acknowledges that Bose brings a claim for patent infringement, but denies all other allegations of this paragraph.

4. Additionally, this is an action between citizens of different States and upon information and belief, the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs. Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. §1332.

**ANSWER**: Denied.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER**: Denied.

6. On or about December 4, 2002, Bose and Lightspeed entered into an agreement settling a litigation then pending in the United States District Court for the District of Oregon, title *LightSPEED Aviation, Inc. v. Bose Corporation*, No. 3-02-01021-K1 (the "Settlement Agreement").

**ANSWER**: Admitted.

7. The Settlement Agreement provides in pertinent part that Bose agrees that it will not assert any of its then-currently owned United States or foreign patents against Lightspeed or

Lightspeed's customers, suppliers, distributors, sales and manufacturing and marketing affiliates and partners based on any future improvements of certain headsets manufactured by Lightspeed having active noise reduction technology, known as 15K, 20K, 15XL, 20XL, 25XL, TWENTY 3G, THIRTY 3G, CROSSCOUNTRY and modified CROSSCOUNTRY (collectively the "Prior ANR Models"), so long as those improvements bear no material relationship to the claim limitations of Bose owned U.S. Patent No. 5,181,252, entitled "High Compliance Headphone Driving" (the "'252 patent").

**ANSWER**: Denied.

8. On or about July 24, 2007, Lightspeed began selling the Zulu ANR Aviation headset ("the Zulu headset").

**ANSWER**: Lightspeed has sold the Zulu ANR Aviation headset, but denies the remaining allegations of this paragraph.

9. In various print advertisements and websites including www.zuluseries.com and www.lightspeedaviation.com, Lightspeed has stated repeatedly, "the new Zulu headset looks different because it is different."

**ANSWER**: Lightspeed admits that its website states: "The new Zulu headset looks different because it is different. Made with magnesium and stainless steel, it's extremely durable and yet weighs just over 13 ounces . . . ."

10. In a press release dated July 20, 2007, Lightspeed stated that the Zulu headset, "incorporates audiophile technology that has never before been available on any type of headset

or headphone." Lightspeed further stated in this July 20, 2007 release that "Zulu is the first premium priced headset from Lightspeed and will be the basis for a whole new line of products."

**ANSWER**: Bose has not attached the alleged press release, and therefore, at this time Lightspeed is without sufficient knowledge to form a belief as to the truth of this allegation and therefore denies same.

11. Claim 1 of the '252 patent recites in part "a high compliance driver with a driver compliance that is greater than said rear cavity compliance having a diaphragm joined to a voice coil normally residing in a gap mounted on the baffle, and an active noise reduction system coupled to said driver."

**ANSWER**: Claim 1 of the '252 patent is not in dispute and appears in its entirety in the '252 patent.

12. The Zulu headset includes new acoustic product characteristics not found in the Prior ANR models, and such characteristics directly relate to, and result in infringement of, one or more claim limitations of the '252 patent.

**ANSWER**: Denied.

13. The Zulu headset is not subject to the Settlement Agreement and Bose is not in breach of the Settlement Agreement by filing the instant action.

**ANSWER**: Denied.

14. On January 19, 1993, the '252 patent was duly and legally issued to Bose for an invention in headphones; and since that date, Bose has been and still is the owner of this Letters Patent. A copy of the '252 patent is attached hereto as Exhibit A.

**ANSWER**: Lightspeed acknowledges that the '252 patent from the United States Patent Office was attached as Exhibit A, but denies all other allegations of this paragraph.

15. Upon information and belief, defendant Lightspeed has been and still is infringing the '252 patent by making, offering to sell, selling or using the Zulu headset embodying the patented invention, and will continue to do so unless enjoined by this Court.

**ANSWER**: Denied.

16. Upon information and belief, defendant's infringement of the '252 patent is willful and deliberate.

**ANSWER**: Denied.

17. As a consequence of Lightspeed's infringement of the '252 patent, Bose has been irreparably damaged to an extent not yet fully determined and will continue to be irreparably damaged unless Lightspeed is enjoined by this Court from committing further acts of infringement.

**ANSWER**: Denied.

18. Bose has placed the required statutory notice on all of its products manufactured and/or sold by Bose under the '252 patent.

**ANSWER**: Denied.

## AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint not otherwise admitted, Lightspeed avers and asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c) and 35 U.S.C. § 282:

### First Affirmative Defense (Failure to State a Claim)

Bose's Complaint fails to state a claim against Lightspeed upon which relief can be granted.

### Second Affirmative Defense (Non-Infringement)

Lightspeed does not infringe the '252 patent either directly or indirectly.

### Third Affirmative Defense (Invalidity)

The '252 patent is invalid and/or unenforceable for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102 103, and 112.

### Fourth Affirmative Defense (Claims Barred)

Bose is barred from obtaining all, or part, of the relief it seeks under the doctrine of prosecution history estoppel.

### Fifth Affirmative Defense (Laches and Equitable Estoppel)

Bose is barred from obtaining all, or part, of the relief it seeks under the equitable doctrines of laches, waiver and/or estoppel.

### Sixth Affirmative Defense (Limitation on Damages)

Bose's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Bose's failure to plead notice thereunder.

**Seventh Affirmative Defense**
**(Costs Barred In Action For Infringement Of A Patent Containing An Invalid Claim)**

Bose is barred from recovering any costs pursuant to 35 U.S.C. § 288.

**Eight Affirmative Defense (Contract)**

Bose's claim is barred by reason of contract.

**Ninth Affirmative Defense (Venue)**

Venue is improper and/or not convenient in this forum and this case should be transferred to Oregon. The settlement agreement that is discussed in Bose's complaint was entered based on a lawsuit pending in the United States District Court for the District of Oregon.

**Additional Affirmative Defenses Reserved**

Lightspeed reserves any and all additional affirmative defenses available to it under Title 35 U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, and the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIMS

For its counterclaims against Bose, Lightspeed alleges as follows:

1. Lightspeed counterclaims against Bose under Federal Rule of Civil Procedure 13 for breach of the Settlement Agreement executed between Lightspeed and Bose to resolve a lawsuit filed in the United States District Court for the District of Oregon.

2. Based on the allegations in the Complaint, Bose is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at The Mountain, Framingham, Massachusetts.

3. Lightspeed Aviation, Inc. is a corporation organized and existing under the laws of the State of Oregon and having a place of business at 6135 SW Jean Road, Lake Oswego, Oregon.

4. Jurisdiction in this Court is proper pursuant to Rule 13 of the Federal Rules of Civil Procedure.

5. Bose purports to be the owner of the '252 patent.

6. Lightspeed and Bose entered into a Settlement Agreement to resolve a lawsuit filed in the United States District Court for the District of Oregon. The Settlement Agreement is attached as Exhibit A.

7. Pursuant to the Settlement Agreement, Lightspeed covenanted to phase out its use of the Quiet Comfort trademark.

8. Pursuant to the terms of the Settlement Agreement, Bose covenanted not to sue Lightspeed for infringement of the '252 and other patents for any Lightspeed ANR model or future improvements that bear no material relationship to the claim limitations of the 5,181,252 patent. The agreement states in pertinent part that "future improvements will continue to use the same or essentially the same drivers used in the ANR models and do not relate to the structure limiting maximum excursion of the diaphragm, . . . are deemed by the parties to bear no material relationship to the claim limitations of the '252 patent."

9. The driver of the Lightspeed Zulu headset is the same or substantially the same driver as used in the Lightspeed THIRTY 3G.

10. Any improvements of the Lightspeed Zulu headset do not relate to the structure limiting maximum excursion of the diaphragm.

11. Bose has sued Lightspeed for infringement of the '252 patent.

**COUNT I – BREACH OF CONTRACT**

12. Lightspeed incorporates all prior allegations as if fully restated herein.

13. Lightspeed and Bose were parties to the Contract which is binding and enforceable by Lightspeed against Bose.

14. Bose breached the Contract by suing Lightspeed for infringement of the '252 patent.

15. As a direct and proximate result of Bose's breach of the Contract, Lightspeed has suffered damages in the amount to be proven at trial.

16. As a direct and proximate result of Bose's breach of the Contract, Lightspeed has suffered damages in the amount of its attorneys' fees incurred in the patent infringement lawsuit.

17. As a direct and proximate result of Bose's breach of contract, Lightspeed has been injured by its compliance with the contract and agreement to discontinue use of the Quiet Comfort trademark.

18. Lightspeed is entitled to injunctive relief that includes, at a minimum the following:

a. Ordering Bose to dismiss its patent infringement lawsuit;

b. Ordering Bose to discontinue all use of Quiet Comfort trademark;

c. Permitting Lightspeed to reinstitute use of the Quiet Comfort trademark in its ANR headsets.

19. Additional injunctive relief may be in order depending upon the results of compliance with the orders requested above.

## PRAYER FOR RELIEF

WHEREFORE, Lightspeed prays for the following relief:

A. an injunction requiring Bose to dismiss its patent infringement lawsuit.

B. an injunction requiring Bose to discontinue use of all Quiet Comfort trademarks.

C. an Order permitting Lightspeed to reinstitute use of the Quiet Comfort trademark on its products.

D. Any additional injunctive relief which may be in order depending upon the results of compliance with the orders requested above.

E. An award of its damages in an amount to be established at the time of trial.

F. An award of its attorneys' fees and costs.

G. An award of such further equitable and legal relief that the Court deems proper.

## JURY DEMAND

Defendant Lightspeed Aviation, Inc. demands a trial by jury on all issues triable by right of jury.

Dated: June 8, 2009

Respectfully submitted,

LIGHTSPEED AVIATION, INC.

/s/ Gina M. McCreadie

Mark D. Robins (BBO # 559933)
Gina M. McCreadie (BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
Email: mrobins@nixonpeabody.com
gmccreadie@nixonpeabody.com

Mark A. Cantor (*pro hac vice to be requested*)
Marc Lorelli (*pro hac vice to be requested*)
BROOKS KUSHMAN P.C.
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email: mcantor@brookskushman.com
mlorelli@brookskushman.com

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on June 8, 2009, I electronically filed the foregoing **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND** with the Clerk of the Court for the District of Massachusetts using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Charles Hieken.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None

/s/ Gina M. McCreadie
Gina M. McCreadie