UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOSE CORPORATION,            )<br>                              )<br>          Plaintiff,         )<br>                              )<br>     v.                       )   CIVIL ACTION<br>                              )   NO. 09-10222-WGY<br>LIGHTSPEED AVIATION, INC.,   )<br>                              )<br>          Defendant.         )<br>                              ) | |

MEMORANDUM AND ORDER

YOUNG, D.J.                                              July 30, 2010

Bose Corporation ("Bose") brings this action against Lightspeed Aviation, Inc. ("Lightspeed") alleging infringement of U.S. Patent No. 5,181,252 (the "'252 Patent"), an invention related to high compliance drivers in active noise-reducing ("ANR") headsets.  Compl. ¶ 15, ECF No. 1.  The action for patent infringement results from Lightspeed's introduction of its Zulu ANR Aviation headset (the "Zulu headset"), which Bose alleges infringes upon one or more claims of the '252 Patent.  Id. ¶ 12.

Both parties move for summary judgment on a variety of issues.  Bose's Mot. for Sum. J., ECF No. 73; Lightspeed's Mot. for Sum. J., ECF No. 72.  In this opinion the Court discusses those issues as to which summary judgment is granted.

**I.   BACKGROUND**

Bose is the assignee of the '252 Patent titled "High Compliance Headphone Driving."  Compl. ¶ 14; Mem. Supp. Bose's Mot. Ex. P, ECF No. 78.  Claim 1, the only independent claim of the '252 Patent, recites:

> A headset comprising: at least one earcup having a front cavity and rear cavity with front cavity and rear cavity compliances respectively, a baffle separating the front and rear cavities, a high compliance driver with a driver compliance that is greater than said rear cavity compliance having a diaphragm joined to a voice coil normally residing in a gap mounted on the baffle, and an active noise reduction system coupled to said driver.

The '252 Patent col.5 l.10-20.

In 2007, Lightspeed began selling the Zulu headset.  Mem. Supp. Bose's Mot. Ex. Q at L 000025.  Bose has accused the Zulu headset of infringing claims of the '252 Patent.  Compl. ¶ 15.  Lightspeed's technical expert, Dr. Marshall Buck, agrees that the Zulu headset meets every limitation of Claim 1 of the '252 Patent.  Mem. Supp. Lightspeed's Mot. Ex. 2 ("Dr. Buck's Expert Report") at 64-65, ECF No. 74.

Among other defenses, Lightspeed asserts invalidity based on anticipation of all claims of the '252 Patent by the Voyager headset, invalidity based on anticipation of Claims 1 and 5 by the Telex headset, and invalidity under 35 U.S.C. § 112.

The Voyager headset was an experimental prototype noise-cancelling headset designed by Bose for use in 1986.  Mem. Supp. Bose's Mot. Ex. R at 9:11-11:12.  Dr. Koopmann measured the right

earcup of the Voyager headset, and determined that the Voyager headset driver compliance of 135 was less than its rear cavity compliance of 156.  Id. Ex. V at 18.  Bose's acoustical engineer Jason Harlow also tested a prototype that he believed was identical to the Voyager headset, id. Ex O at 72:14-18, and determined that the prototype had a driver compliance of 106, which was less than the rear cavity compliance of 175.  Id. Ex. T.  Dr. Buck measured the compliances of the left earcup of the Voyager headset, and determined that the Voyager headset driver compliance was 169, Dr. Buck's Expert Report at 10, and its rear cavity compliance was 188.  Mem. Supp. Bose's Mot. Ex N at 93:7-94:7.

    Dr. Buck testified during his deposition that Dr. Koopmann's "water test" for measuring compliance of the rear cavity was more reliable than his own measurement.  Mem. Opp'n Bose's Mot. Ex. 1 at 110-111, ECF No. 95.  He stated that his own measurement was subject to ten percent margin of error.  Id.  Dr. Buck did not adopt Dr. Koopmann's result as correct, but stated that he was willing to adopt the average of the two rear cavity compliance measurements.  Id.  Dr. Buck never used Dr. Koopmann's measurement of the rear cavity compliance in his calculations to determine the ratio of the driver to rear cavity compliance.  Id.

    The Telex headset was allegedly invented by Joel Johnson at Telex on or earlier than March 1989 and reduced to practice on

3

July 28, 1989.  Mem. Supp. Lightspeed's Mot. Ex 10 at 79:20-23. The Telex headset created on July 28, 1989 no longer exists.  <u>Id.</u> at 106:11-23.  Lightspeed's expert examined, not the original Telex headset, but Johnson's personal Telex headset (the "Johnson headset") manufactured "sometime" in 1989.  Dr. Buck's Expert Report at 12.  Dr. Buck stated that its assembly "was conceived and documented at Telex no later than March 2, 1989," <u>id.</u>, and his report describes how each claim limitation of Claim 1 is fulfilled in the Johnson headset, <u>id.</u> at 12-16.  Dr. Koopmann's deposition testimony suggests that he agrees that the Telex headset practiced each limitation of Claim 1.  Mem. Supp. Lightspeed's Mot. Ex. 14 at 150-52.  Dr. Koopmann, however, has never performed compliance measurements neither of the original Telex headset, because that headset no longer exists, nor of the Johnson headset.

Lightspeed's expert report does not include any opinion on the issues of lack of enablement, indefiniteness, or lack of written description.  <u>See</u> Dr. Buck's Expert Report.  Dr. Buck only discussed these invalidity defenses in his deposition.  Mem. Supp. Bose's Mot. Ex. N at 76:18-85:20.

## II. DISCUSSION

### A.  Legal Standard

Summary judgment is proper where "there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. of Civ. P. 56(c). An issue of fact is "genuine" if there exists a sufficient evidentiary basis on which the trier of fact could find for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is "material" if it will affect the outcome of the case under the applicable law. Id. The moving party bears the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The evidence of non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Save as to facts admitted by both parties, the court must disregard all evidence - even if unopposed - which the jury is free to reject, i.e. all evidence upon which a party bears the burden of proof. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). Thus, summary judgment may be granted when a fair-minded jury could reach only one conclusion: in favor of the moving party.

**B.   Infringement of Claim 1**

Bose moves for summary judgment on the issue of infringement of Claim 1. Lightspeed admitted in its responsive papers and confirmed during the oral hearing that it does not contest that under the Court's claim construction, the Zulu headset practices all the limitations of Claim 1. Mem. Opp'n Bose's Mot. at 2. Thus, summary judgment enters for Bose as to this issue.

### C.  Invalidity under Section 112

Bose moves for summary judgment of no invalidity under 35 U.S.C. § 112.  Mem. Supp. Bose's Mot. at 4-12.  Under this section, a patent is invalid if it lacks enabling disclosure, sufficient written description, or is indefinite.  35 U.S.C. § 112.  In order to prove that the '252 Patent is invalid for lack of enablement, Lightspeed has to prove by clear and convincing evidence that one skilled in the art, after reading the specification, could not practice, without undue experimentation, the claimed invention.  AK Steel Corp. v. Sollac and Ugine, 344 F.3d 1234, 1244 (Fed. Cir. 2003).  In order to prove that the '252 Patent is invalid for lack of written description, Lightspeed has to prove by clear and convincing evidence that Bose's inventor does not "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention."  ICU Medical, Inc. v. Alaris Medical Sys., Inc., 558 F.3d 1368, 1377 (Fed. Cir. 2009).  In order to prove that the '252 Patent is invalid for indefiniteness, Lightspeed has to prove by clear and convincing evidence that one skilled in the art would not "understand the bounds of the claim when read in light of the specification."  Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1348 (Fed. Cir. 2002).

These standards for invalidity depend on the understanding of one skilled in the art.  Lightspeed advances no evidence whatsoever concerning the understanding of a person skilled in the art.  Thus, Lightspeed fails as matter of law to establish invalidity under section 112 and Bose is entitled to summary judgment on these issues.

**D.     Anticipation**

Bose asks this Court to rule as matter of law that the '252 Patent is not anticipated by the Voyager headset.  Further, the parties crossmove for summary judgment on anticipation of Claims 1 and 5 of the '252 Patent by the Telex headset.

A patent claim is invalid as anticipated if a single prior art reference or thing includes every limitation of a claim, either expressly or inherently.  See Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1548 (Fed. Cir. 1983); Transclean Corp. v. Bridgewood Sercs., Inc., 290 F.3d 1364, 1373 (Fed. Cir. 2002) (explaining the concept of anticipation by inherent disclosure). Patents are presumed valid.  35 U.S.C. § 282.  Thus, Lightspeed has the burden to prove by clear and convincing evidence that either or both the Voyager or the Telex headsets were prior art and practiced every limitation of the allegedly invalid claims of the '252 Patent.  Impax Labs., Inc. v. Aventis Pharma., Inc., 545 F.3d 1312, 1314 (Fed. Cir. 2008).

1.  Anticipation by the Voyager Headset

The essence of the dispute is whether the Voyager headset practices the "high compliance driver with a driver compliance which is greater than [the] rear cavity compliance" limitation, as required by all claims of the '252 Patent. The '252 Patent col.5 l.15-17. Bose's expert's measurements of the right earcup of the Voyager headset showed that driver compliance (135) was less than rear cavity compliance (156). Mem. Supp. Bose's Mot. Ex. V at 15-18. A Bose acoustical engineer has arrived at similar results: driver compliance (106) is less than rear cavity compliance (175). Id. Ex. T. Lightspeed's expert measured the left earcup of the Voyager headset and determined that driver compliance was 169 and rear cavity compliance was 188.[1] Dr. Buck's Expert Report at 10; Mem. Supp. Bose's Mot. Ex. N at 93:7-94-7. All these measurements reaffirm the conclusion that the Voyager headset does not fulfill the high compliance driver limitation.

In its attempt to create a factual dispute, Lightspeed proposes to take compliance of the left earcup driver (169) as

---

[1] Previously, Lightspeed's expert defended the point of view that the Court's construction of the term "cavity" excludes the presence of foam. Thus, Dr. Buck subtracted the volume of the foam present in the Voyager's rear cavity (100) from the whole volume of the cavity (188) to arrive at a net rear cavity volume of 88. Mem. Supp. Bose's Mot. Ex. N at 93:7-94:7. The result of this subtraction was that the driver had greater compliance (169) than the rear cavity (88). Subsequently, Lightspeed abandoned this argument.

measured by Dr. Buck and compare it to the right earcup rear cavity compliance (159) as measured by Dr. Koopmann.  Lightspeed explains that Dr. Koopmann used a more precise "water test" technique to measure volume of the rear cavity, as Dr. Buck confirmed at his deposition.[2]  Mem. Opp'n Bose's Mot. at 4-5. Lightspeed also cites Dr. Koopmann's deposition testimony, in which he stated that he has no reason to disagree that rear cavity volume is the same in each earcup.  Id. Ex. 2 at 167.

This attempt to put together measurements of two different earcups does not suffice, however, to create a factual dispute. The language of the '252 Patent requires that the driver and rear cavity compliance being compared belong to the same earcup.  The '252 Patent col.5 l.10-18.  Lightspeed puts forth no evidence that an earcup of the Voyager headset has a driver with compliance greater than the compliance of the rear cavity in that earcup.  Moreover, Lightspeed's expert never expressly made calculations using Dr. Koopmann's rear cavity compliance measurement, as Lightspeed now argues is appropriate.  Having

---

[2] Although Dr. Buck testified at his deposition that Dr. Koopmann's approach was more reliable, he stated that his own measurement (188) was subject only to a ten percent margin of error.  Mem. Opp'n Bose's Mot. Ex. 1 at 110-111.  That gives a range of results from 179 to 207, all greater than the compliance of the driver (169).  Id.  Furthermore, Dr. Buck never adopted Dr. Koopmann's result (159) as correct.  Id.  He stated only that he was willing to adopt the average of the two rear cavity compliance measurements ((188+159)/2 = 174), which would still be greater than the driver compliance (169) and would not fulfill the high compliance driver limitation.  Id.

9

abandoned the foam argument, Dr. Buck simply does not state that in the Voyager headset, compliance of the driver is greater than compliance of the rear cavity.  Conflating the right and left earcup measurements is purely a lawyer's Hail Mary pass.  In light of three independent tests, including one done by Lightspeed's expert, no real doubt exists but that the Voyager headset does not meet the high compliance driver limitation.  Thus, as matter of law, Lightspeed has failed to establish that the Voyager headset fulfills all the limitations of the '252 Patent.  Summary judgment for Bose declaring that the Voyager headset does not anticipate the claims of the '252 Patent is appropriate.

> 2.   Whether the Telex Headset Practices All Limitations of Claim 1

This Court notes that there are genuine issues of material fact as to whether the Telex headset constitutes prior art under either section 102(a) or section 102(g)(2) of the Patent Act.  Therefore, summary judgment for Lightspeed on anticipation by the Telex headset is not appropriate.  In order to narrow the issues for trial, however, this Court will analyze whether the Telex headset practices all the limitations of Claim 1.

Dr. Buck's report describes how each claim limitation of Claim 1 is fulfilled in the Telex headset.  Dr. Buck's Expert Report at 12-16.  Furthermore, Lightspeed cites to Bose's expert's deposition testimony, in which Dr. Koopmann suggests

that the Telex headset practices each limitation of Claim 1. Bose does not rebut Dr. Buck's measurements and conclusion that the Telex headset fulfills the high compliance driver limitation. Moreover, in its opposition Bose does not cite any evidence suggesting that the Telex headset does not practice all limitations of Claim 1.  Bose only argues, without any specificity, that there are "many evidentiary issues" regarding the Telex headset that was tested.  Mem. Opp'n Lightspeed's Mot. at 13 n.10, ECF No. 93.  It is true that Dr. Buck tested not the original headset created in July 1989 but the Johnson headset manufactured sometime in 1989.  Mem. Supp. Lightspeed Mot. Ex. 12 at 1-2.  Dr. Buck opined, however, that the Johnson headset was described in the March 1989 assembly drawings.  Id. at 2.  Bose, on the other hand, does not cite to any evidence that Johnson's headset is in any way different from the original one.  Thus, Bose's sole conclusory assertion that the evidence produced by Lightspeed is inadequate does not suffice to create an issue of material fact.

Accordingly, the Court rules as matter of law that the Telex headset practices all the limitations of Claim 1.  Therefore, as long as Lightspeed can establish that the Telex headset constitutes prior art, it anticipates Claim 1 of the '252 Patent as matter of law.

**III. CONCLUSION**

Accordingly, this Court DENIES Lightspeed's motion for summary judgment in its entirety; GRANTS Bose's motion for summary judgment as to infringement of Claim 1 by the Zulu headset; declares that the '252 Patent is not invalid under 35 U.S.C. § 112 and is not anticipated by the Voyager headset; and DENIES Bose's motion for summary judgment as to all other issues. Further, this Court rules that the Telex headset practices all the limitations of Claim 1.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE