**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

BOSE CORPORATION,

    Plaintiff,

v.

LIGHTSPEED AVIATION, INC.,

    Defendant.

Case No. 1:09-cv-10222-WGY

# LIGHTSPEED'S MOTION TO EXCLUDE BOSE'S HEADSETS AND DOCUMENTS PRODUCED FOR THE FIRST TIME ONE WEEK BEFORE TRIAL



# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ i

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT............................................................................................................3

    A. The "Maverick Headsets And Documents Were Repeatedly Requested In Discovery, But Were Intentionally Withheld By Bose................3

    B. The "Maverick" Headsets And Documents Produced Are Inherently Prejudicial......................................................................................4

    C. Exclusion Of These Withheld Documents Is Required ...................................7

III. CONCLUSION.........................................................................................................9



# TABLE OF AUTHORITIES

## CASES

*AVX Corp. v. Cabot Corp.*,
　251 F.R.C. 70 (D. Mass. 2008) ................................................................................... 7

*Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.*,
　499 F.Supp.2d 59 (D. Mass. 2007) ............................................................................ 7

*Labadie Coal Co. v. Black*,
　672 F.2d 92 (D.C. Cir. 1982) ..................................................................................... 8

*Licciardi v. TIG Insurance Group*,
　140 F.3d 357 (1st Cir. 1998) ...................................................................................... 8

*Primus v. U.S.,*
　389 F.3d 231 (1st Cir. 2004) ...................................................................................... 7

*Wilson v. Bradless of New England,*
　250 F.3d 10 (1st Cir. 2001) ........................................................................................ 7

## RULES AND STATUTES

35 U.S.C. § 102(b) ................................................................................................ 2, 5, 7, 8

Fed. R. Civ. P. 37(c)(1) ................................................................................................... 7



## I.  INTRODUCTION

From day one this case has been about the date Bose invented the subject matter of the '252 patent.  Lightspeed's earliest interrogatories and document requests sought all evidence supporting Bose's date of invention.  At the beginning of discovery, Bose said its *first* invention date was **December 28, 1987**.  Bose's *first* invention date was based solely on an earlier patent filing.  Lightspeed proved that it was impossible for Bose to claim priority to this earlier patent filing.  So at the close of discovery, Bose said that its *second* invention date was **August 23, 1989**, the filing date of the '252 patent.  With this invention date, Lightspeed proved invalidity of the '252 patent based on the earlier Telex headset.  After receiving Lightspeed's expert report, Bose said its *third* invention date was **July 28, 1989**.  Lightspeed moved for summary judgment on this third date because Bose had no tangible evidence to prove it up, which controlling law requires.  A key issue for trial is whether the Telex headset predated Bose's invention date.  Bose cannot dispute that Telex predates Bose's invention date based on the documents and evidence that Bose provided during discovery.

So, on August 28, 2010, just a week before the beginning of trial, Bose allegedly "discovered" in '252 inventor John Breen's basement two "early Maverick prototypes" allegedly dated "circa" 1987 and 1988 that allegedly embody the '252 invention.  (Ex. 1,  8/28/2010 First Letter from Kopsidas to LeRoy.)  The same day, Bose also "discovered"**1000** pages of never-before-produced documents concerning the "Maverick" headsets from Bose's corporate records.  (Ex. 2, 8/28/2010 Second Letter from Kopsidas to LeRoy.)  Then, on September 2, 2010, Bose produced its second supplemental trial exhibit list which included both the headsets and the documents, presumably to "prove" a *fourth* (and yet-unidentified) invention date.  (*Id.*)   Of course, Lightspeed has no opportunity to cross-examine any of this new evidence.

1



It is difficult to express the extent of the discovery violations that Bose has committed. The violations run deeper than merely ambushing Lightspeed on the eve of trial with a mountain of new evidence. Bose intentionally withheld this evidence regarding the "Maverick" because Bose did not want Lightspeed to be able to probe into several 35 U.S.C. §102(b) invalidating public uses before the critical date. Without any headsets or documents concerning the Maverick, Lightspeed would be unable to show exactly what was used publicly by Bose and others. Not surprisingly, every Bose witness disclaimed any knowledge regarding what was actually used publicly and, until this point, Lightspeed had no documents for cross-examination. Now that Lightspeed no longer has the opportunity for discovery and would be hamstrung to piece together a §102(b) defense due to the impending trial, Bose decided it was "safe" to now produce this previously withheld evidence to support its latest priority claim.

The prejudice to Lightspeed for these violations is manifest. It is bad enough that each time Lightspeed demonstrated the invalidity of the '252 patent with one of Bose's alleged invention dates, Bose conveniently manufactured another. As the Court is aware, the subject matter of the claimed invention – so-called "compliance" – is a technical matter requiring: (1) acoustical expert analysis, (2) Rule 26 disclosure, (3) rebuttal expert analysis, and (4) pre-trial cross-examination. This procedure is fundamental to the patent litigation process. In this case, had Bose produced these headsets and documents in discovery, Lightspeed would have been able to develop a 35 U.S.C. §102(b) defense through Bose's own conduct, as opposed to spending the substantial time and effort to find a prior inventor from over 20 years ago.



At a minimum, the Court should preclude Bose from introducing or referencing any of this new evidence at trial.  Because of the egregious conduct at play here, Lightspeed also believes that the Court should consider more severe sanctions, including dismissal and attorneys' fees.

## II.  ARGUMENT

### A.  The "Maverick" Headsets and Documents Were Repeatedly Requested In Discovery, But Were Intentionally Withheld By Bose

At the very beginning of discovery, Lightspeed served at least three document (and headset) requests to which the inventor's "Maverick" headset and corresponding documents would have been responsive.

**REQUEST FOR PRODUCTION NO. 2:**

<u>A sample of each Noise-Reduction Headset made</u>, used or sold by you, including, without limitation, instruction materials, brochures, product manuals, user manuals, data sheets, installation manuals, retail kits, diagnostic software, installation software, or specifications associated with the sale, use, and demonstration of each product, system or device.

**REQUEST FOR PRODUCTION NO. 5:**

<u>All documents</u> that describe, explain or <u>pertain to the conception, research, design, development, structure, operation, engineering, manufacture, use, testing</u>, sampling, commercial release, marketing, offers for sale or sales of each Noise-Reduction Headset made, designed, used, or sold by you, including, without limitation, <u>drawings</u>, block diagrams, <u>datasheets</u>, <u>prototypes</u>, notes, notebooks, workbooks, project reports, correspondence, memoranda, <u>test results</u>, <u>schematics</u>, <u>engineering specifications</u>, <u>CAD files</u>, source code, simulation files, instruction manuals, technical articles, conference papers, brochures, marketing materials or presentations, price lists, and invoices that refer or relate to the conception, research, design, development, structure, operation, engineering, manufacture, use, testing, sampling, commercial release, marketing, offers for sale or sales of each product.



3

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents evidencing, referring or relating to the conception and reduction to practice (actual and constructive) of the subject matter of each asserted claim of the '252 patent, and all communications including, referring or relating to those documents.

(Ex. 3, Document Requests 2 and 5; Ex 4, Document Request No. 17.)

For avoidance of doubt, Lightspeed specifically wrote to Bose in September 200**9** requesting inspection and testing of the "Maverick" headset.

It is our understanding that the Bose Model 2081H, 2081HD and "**Maverick**" headsets included a noise-reduction technology and was being used and tested prior to the '252 Patent being filed. To date, we have not received a sample of the Model 2081H, 2081HD or "Maverick" headsets for testing and inspection. As such, we request that Bose provide us with a sample of the Model 2081H, 2081HD, and "**Maverick**" headsets for testing and inspection.

(Ex. 5, 9/1/2009 Letter from Lorelli to Kopsidas, emphasis added).

Bose produced many headsets and related documents in discovery, but apparently none pertaining to the "Maverick."  Such production could hurt Bose because they could allow Lightspeed to probe into potential statutory bars.  These documents and things were produced for the first time just one week before trial.

**B.      The "Maverick" Headsets And Documents Produced Are Inherently Prejudicial**

Bose provided an interrogatory answer in discovery that its invention date for the '252 patent was August 23, 1989.  Bose's 30(b)(6) witness and their counsel confirmed at the end of discovery that its invention date was August 23, 1989. *See*, Dkt. #117.  As explained above, Bose seeks to change this invention date, but Bose never produced any documents in discovery to support an earlier date.  There is no question that Bose is going to try to use and reference the "Maverick" headset and documents at trial to again "change" the '252 patent's date of invention a fourth time in order to overcome Lightspeed's well-documented Telex invalidity defense.  At this

4



late juncture, Lightspeed is <u>unable</u> to cross-examine any witness regarding these documents, <u>unable</u> to determine whether other documents or facts existed that would assist Lightspeed in other invalidity arguments, <u>unable</u> to determine whether documents that may help Lightspeed are still being withheld by Bose, and is <u>unable</u> to effectively prepare for trial.  The prejudice to Lightspeed is overwhelming.

The motive for Bose to withhold these documents is apparent.  Bose withheld these documents because Bose knew such documents illustrate that the '252 patent is invalid. Bose product manager, Daniel Gauger, testified at his deposition that Bose had a ten person demonstration trailer at the July 198**8** Oshkosh air show at which patrons were invited to "test fly" a headset that had the "basic structure" illustrated below on the left.  (Ex. 6, Gauger at 43-46.)  The newly produced "Maverick" headset that Bose claims was "circa 1988," illustrated below on the right, shows that it was the headset that was publicly used at the 1988 air show.



**Bose Headset** *circa* **1990's**                    **Bose Headset** *circa* **1988**

The use of this headset at the 1988 air show that Bose is now relying on to show earlier invention, also makes this headset prior art under §102(b), invalidating the '252 patent.  During discovery, however, Bose hid this fact from Lightspeed.  Gauger was specifically asked whether the headset at the July 1988 air show had a "high compliance driver."  Gauger feigned ignorance, and without a headset to test or documents, Lightspeed was unable to further examine Gauger.



Gauger did direct Lightspeed to '252 inventors Breen and Sapiejewski. However, Breen and Sapiejewski both testified that they did not attend the 1988 air show, leaving Lightspeed at a dead end. (Ex. 7, Breen at 20; Ex. 8, Sapiejewski at 50.) Without any documents and Bose's sketchy testimony, Lightspeed could not make a public use invalidity case.

Now that discovery is over, Bose has hand-selected documents related to the "Maverick" in an effort to predate the Telex ANR headset in the priority battle. Bose is now using these headsets and documents to demonstrate validity over the Telex ANR headset, but by producing them after discovery, it prohibits Lightspeed from using the same evidence to demonstrate invalidity. If these headsets and documents had been produced during discovery, Lightspeed *would have undertaken* the following actions – in addition to cross-examining witnesses on these withheld documents.

**First,** at a minimum, Lightspeed would have re-deposed Bose product manager Daniel Gauger who was at the July 1988 Oshkosh air show with the newly produced headsets and documents. Now, Lightspeed cannot even cross-examine Gauger about the new headsets at trial, because after Bose produced the withheld documents and headsets, Bose informed Lightspeed that Gauger will be out of the subpoena power of the Court during trial. (Ex. 9, 9/1/2010 E-mail from Kopsidas to Brooks Kushman.) In short, no trial witness can answer Lightspeed's key questions about Bose's newly "discovered" headsets.

**Second**, Lightspeed would have deposed others about the July 1988 Oshkosh air show and other potential statutory bars and would have developed further facts regarding the public nature of these events. Many activities of Bose in 1987 and 1988 could have constituted a statutory bar, but without any evidence as to what the "Maverick" actually was, and with Bose's contention (at that time) that its date of invention was the '252 filing date, such discovery was

6



worthless. If Lightspeed knew what the "Maverick" was – which is now demonstrated by the produced headsets and drawings – it would have pursued this discovery.

**Third,** if the *Maverick headset had been produced during discovery.* Lightspeed would have physically tested it to prove that it had the claimed "high compliance" driver, thereby invalidating the '252 patent under §102(b). Bose withheld the Maverick headset to prevent Lightspeed from doing so.

**C.     Exclusion Of These Withheld Documents Is Required**

Rule 37(c)(1) grants a trial court the authority to "exclude an exhibit that is untimely produced under the deadlines set by a case management order[.]" *Wilson v. Bradlees of New England*, 250 F.3d 10, 20 (1st Cir. 2001); *Primus v. U.S.*, 389 F.3d 231, 234 (1st Cir. 2004) ("[T]he adoption of Rule 37(c)(1) in 1993 'gave teeth to a significantly broadened duty' to comply with case management orders."). The "party proposing to rely on evidence or testimony which it did not properly disclose to its adversary in discovery bears the burden of demonstrating a 'substantial justification' for the failure to disclose or that such failure was 'harmless.'" *Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.*, 499 F.Supp.2d 59, 80 (D. Mass. 2007) (emphasis added.); *Wilson*, 250 F. 3d at 21. ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction."); *AVX Corp. v. Cabot Corp.*, 251 F.R.D. 70, 78 (D. Mass. 2008).[1]

---

[1] Bose's withholding of this key evidence forced Lightspeed to focus on third-party invalidity defenses that were far more expensive and time consuming to develop. This is further evidence of the fact that Bose's misconduct was not harmless.

7



Exclusion is mandatory in this case because Bose cannot demonstrate a substantial justification for the failure to produce the headsets and documents.  What excuse could Bose possibly have for not asking the *inventor* of the *patent-in-suit* whether he possessed early models of the patented invention or not searching its corporate records for drawings for the "Maverick" where:  (1) priority of invention was the focus of the litigation, and (2) the early models and documents were expressly requested by name?

Given the importance of these withheld documents and headsets and their potentially dispositive nature for validity or <u>in</u>validity, this evidence should not be allowed. *Licciardi v. TIG Insurance Group*, 140 F.3d 357, 364 (1st Cir. 1998) citing *Labadie Coal Co. v. Black*, 672 F.2d 92, 94-95 (D.C. Cir. 1982) ("finding erroneous and prejudicial district court's admission of documents where plaintiff was alerted to the documents for the first time after it had rested its case and on the last day of trial, and nothing that 'when the documents were finally produced, [plaintiff] has little, if any, time effectively to . . . cross examiner [defendant] as to their contents.")  Bose withheld this key evidence so Lightspeed could not fully develop a public use defense under §102(b).  Now that Bose needs this evidence to rebut the Telex defense <u>and</u> that Lightspeed does not have the power of discovery to pursue Bose's statutory bar, Bose has produced this evidence on the eve of trial.  The prejudice to Lightspeed for these blatant discovery violations is manifest.



### III.  CONCLUSION

Lightspeed respectfully requests that the Court preclude Bose from introducing or even referencing any of the headsets or documents that were withheld during the discovery period at trial.  While this is typically the appropriate sanction for failure to produce documents in the discovery period, Lightspeed submits that the sanction in this instance should go further.  Lightspeed believes that Bose intentionally withheld these documents to hide potential invalidity statutory bars for the '252 patent.  As such, the only appropriate sanction under such conduct is dismissal and attorneys' fees.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), Lightspeed informed Bose on September 3, 2010 that its withheld documents and headsets should be excluded.  This conference was made as a good faith attempt to resolve the request presented in this motion pursuant to Local Rule 7.1(a)(2).

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  September 3, 2010

By: /s/ John S. LeRoy
MARK A. CANTOR
MARC LORELLI
JOHN S. LeROY
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  (248) 358-4400
Facsimile:   (248) 358-3351
Email:  mcantor@brookskushman.com
          mlorelli@brookskushman.com
          jleroy@brookskushman.com
*Attorneys for Defendant*
*LIGHTSPEED AVIATION, INC.*



## CERTIFICATE OF ELECTRONIC SERVICE

       I hereby certify that on September 3, 2010, I electronically filed the foregoing **MOTION TO EXCLUDE BOSE'S HEADSETS AND DOCUMENTS PRODUCED FOR THE FIRST TIME ONE WEEK BEFORE TRIAL**, with the Clerk of the Court for the District of Massachusetts using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Charles Hieken.

       **BROOKS KUSHMAN P.C.**

       By:  /s/ John S. LeRoy
       MARK A. CANTOR
       MARC LORELLI
       JOHN S. LeROY
       1000 Town Center, Twenty-Second Floor
       Southfield, Michigan 48075
       Telephone:  (248) 358-4400
       Facsimile:   (248) 358-3351
       Email:  mcantor@brookskushman.com
              mlorelli@brookskushman.com
              jleroy@brookskushman.com

       *Attorneys for Defendant*
       *LIGHTSPEED AVIATION, INC.*

