**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

BOSE CORPORATION,

       Plaintiff,

v.

LIGHTSPEED AVIATION, INC.,

       Defendant.

Case No. 1:09-cv-10222-WGY

# LIGHTSPEED'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*



## I.     INTRODUCTION

Lightspeed asked Bose in its first interrogatory: (1) what its date of conception was, and (2) what evidence Bose had to support that date of conception. Bose's conception date is a factual matter and Bose affirmatively stated during discovery in its interrogatory answer and during its 30(b)(6) deposition that its conception date was August 23, 1989, the filing date of the '252 patent. Despite its bald contention that Lightspeed has known from other discovery that the "Maverick" was the "first Bose product embodying the '252 patent invention," Bose never held that out as evidence of its conception. On the contrary, Bose's response on the conception issue never mentioned the "Maverick" and Bose did not produce that headset and 1000 related documents until **one week before trial**.[1]

Bose claims it "will meet its burden regarding the date of priority for the '252 patent as Your Honor called on Bose to do at the [summary judgment] hearing." However, the time for Bose to establish its priority date was during discovery, not between summary judgment and trial.

## II.     ARGUMENT

### A.     Interrogatory No. 1 Sought Identification of Conception And Reduction To Practice Dates *And Related Documents*

In its opposition, Bose hides behind the fact that it produced *some documents* in discovery. However, Bose produced **almost 400,000 pages** of documents in discovery – all of

---

[1] On August 28, 2010, Bose produced an additional 1000 documents and two headsets pertaining to the Maverick that Lightspeed requested at the early stages of discovery. Lightspeed is addressing this inexcusable belated production in a separate motion. (Dkt. #124.)

1



which pertain to various headsets.  The only possible way Lightspeed could know what particular headsets and documents Bose is relying on to establish its conception date for the '252 patent is by asking Bose – *via* an interrogatory.  That is precisely what Lightspeed did with "Interrogatory No. 1" which requested that Bose identify the date and "any documents related to that conception or reduction to practice."  **Bose never identified any of these documents or the "Maverick" headset as evidence of its conception**.

Bose disparages Lightspeed's motion as "crocodile tears."  Bose claims that it informed Lightspeed that the "Maverick" was the first embodiment of the '252 patent that Bose sold in July 1989.  (*See* e.g. Dkt. #122 at 3.)  There are at least four problems with this position.  First, it is wrong.  Bose now claims that it conceived the headset some time in 1987.  Second, this position does not pertain to the "conception" of the invention of the '252 patent.  It relates to a sale of a headset allegedly embodying the invention.  Third, this position was not made in response to Lightspeed Interrogatory No. 1 requesting the evidence that Bose would rely on at trial to establish its date of invention.  Finally, this response does not identify any corroborating documents which Lightspeed would obviously examine.

The fact that Bose has produced over 1000 pages of newly "discovered" documents and two headsets confirms that, until the eve of trial, Bose has never identified (or even produced) the documents it intends to rely on at trial to establish its alleged conception date.  Lightspeed has no real opportunity to inspect or cross-examine any of this new evidence produced one week before trial pertaining to Bose's newly alleged date of invention.



### B. The Prejudice To Lightspeed From Bose's Trial By Ambush Is Manifest

Bose characterizes Lightspeed's prejudice resulting from the ambush as "nonsense." (Dkt. #122 at 4.) Bose claims that Lightspeed had ample opportunity to cross-examine Bose's witnesses concerning the "Maverick" headset – *even though Bose withheld the Maverick headset and over 1000 documents until one week before trial*. Bose also ignores that at the time Lightspeed took the depositions of the Bose employees, **Bose had stated in an interrogatory response that its date of invention was the filing date of the '252 patent – August 23, 1989**. For avoidance of all doubt, Lightspeed's counsel specifically asked Bose's counsel at the Rule 30(b)(6) deposition whether Bose intended to rely on a date earlier than its '252 filing date. In that colloquy, quoted in Lightspeed's Motion *In Limine*, Bose's counsel definitively stated that it was relying on that date.

Certainly, Lightspeed would have no reason to believe the documents embody the '252 invention because Bose definitively stated in its Response to Interrogatory No. 1 that its date of invention was the filing date of the '252 patent – long after the documents were created. The prejudice to Lightspeed arises from its *reliance* on Bose's interrogatory response and the confirming statements of Bose's counsel during Lightspeed's Rule 30(b)(6) deposition of Bose.

### C. Bose's First Sale and Dr. Buck's Arguments Do Not Excuse Bose From Answering Interrogatory No. 1

Bose cites the first "sale" of the Maverick in July 1989. However, the entire focus of Lightspeed's Interrogatory No. 1 was Bose's "conception" of the '252 invention – a very different concept. Bose never identified the Maverick or any related documents in its Response to Interrogatory No. 1, leading Lightspeed to believe that it did not evidence Bose's conception.

3



Bose identifies documents that Lightspeed questioned Bose witnesses about during their depositions. (Dkt. #122 at 5-6.) However, at the time Lightspeed was conducting that examination, Lightspeed had no reason to believe Bose was relying on those documents to prove its **conception** date in this case. Had Lightspeed known that (*i.e.*, if Bose had identified those documents in its Response to Interrogatory No. 1), Lightspeed certainly would have approached its examination differently. That was the whole point of the colloquy between Lightspeed's counsel and Bose's counsel at the 30(b)(6) deposition.

Finally, Bose contends that Dr. Buck's reliance on Bose's other interrogatory responses concerning the alleged sale of the Maverick at the 1989 Air Show somehow absolves Bose of its obligation to identify with particularity the evidence Bose is relying on to establish conception of the '252 invention. Of course, these are two different issues. Those other interrogatory responses, and Dr. Buck's reliance on them, have nothing to do with Lightspeed invalidity defense under 35 U.S.C. § 102(g)(2) which hinges on the parties' respective conception dates, diligence, and several other factors.

Bose claims that Dr. Buck provided a detailed invalidity chart concerning "this Aviation Headset Series I sold in July 1989." (Dkt. #122 at 7.) Dr. Buck merely relied on Bose's interrogatory responses to opine that the patented invention was on-sale at that time. Again, this does not reach the issue of conception.



## III.   CONCLUSION

For the reasons set forth above and in Lightspeed's motion in limine, the Court should preclude Bose (1) from relying on any date other than August 23, 1989 as its invention date for the '252 patent, and (2) from relying on any supporting documents other than the August 23, 1989 application for the '252 patent itself.

Dated: <u>September 3, 2010</u>

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

<u>/s/   John S. LeRoy         </u>
MARK A. CANTOR
MARC LORELLI
JOHN S. LE ROY
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  (248) 358-4400
Facsimile:   (248) 358-3351
Email   mcantor@brookskushman.com
         mlorelli@brookskushman.com
         jleroy@brookskushman.com

*Attorneys for Defendant*



## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on September 3, 2010, I electronically filed the foregoing with **LIGHTSPEED'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*** the Clerk of the Court for the District of Massachusetts using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Steven A. Bowers, Mark A. Cantor, Charles Hieken, Andrew R. Kopsidas, John LeRoy, Marc Lorelli, Gina M. McCreadie, Mark D. Robins.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  None.

**BROOKS KUSHMAN P.C.**

/s/ John S. LeRoy
MARK A. CANTOR
MARC LORELLI
JOHN S. LE ROY
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  (248) 358-4400
Facsimile:   (248) 358-3351
Email:  mcantor@brookskushman.com
            mlorelli@brookskushman.com
            jleroy@brookskushman.com

*Attorneys for Defendant*
*LIGHTSPEED AVIATION, INC.*

